IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:14-cr-00101-1 |
| | ) | Judge Trauger |
| BRYAN PUCKETT, ET AL. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Defendant Puckett has filed a Motion to Reconsider the court's ruling regarding the government's motion in limine to exclude evidence of recordings (DE #90), to which the government has filed a Response (DE #92). The government has made available to the court the recorded conversations at issue, which the court has listened to. The Motion to Reconsider is GRANTED IN PART, in that the court will herein modify some of its factual findings and modify slightly its ruling.

The court was in error when stating that the conversation between Defendant Puckett and his ex-wife took place in April of 2009. (DE #81 at 1). In fact, that conversation took place on November 22, 2011. However, that altered factual finding makes no difference to the court's ruling. The court found that Defendant Puckett had every reason to fabricate his innocence of any wrongdoing because he had been sued civilly in August of 2008. Defendant Puckett states that this civil case was voluntarily dismissed two months after it was filed and that the suit was over three years before the conversation with his ex-wife. This altered time frame makes little difference in the analysis. Morever, Defendant Puckett admits in the recorded conversation that he has had contact with the TBI, FBI, IRS, and involvement in civil suits about these mortgage

loan matters. In addition, he expresses great suspicion as to why his ex-wife has attempted to question him about the Petty loan on more than one occasion and even states, "It seems like you're up to something". The actual conversation does nothing but reinforce the court's conclusion that Defendant Puckett had every reason to fabricate innocence during this phone conversation with his ex-wife. This conversation also is not admissible under Federal Rule of Evidence 807, in that it is not evidence of a material fact. Puckett's state of mind in late 2011 is not relevant to whether or not he had fraudulent intent several years earlier, when the alleged fraud took place.

As to Defendant Puckett's argument that his statements in this 2011 conversation should be admissible under Federal Rule of Evidence 803(3) to show his then existing state of mind, Defendant Puckett has given no additional authority to support this argument, and Puckett's state of mind in 2011 is simply not relevant to whether or not he possessed the requisite intent to defraud at the time of the alleged misdeeds several years earlier. This exception to the hearsay rule requires that the statement be contemporaneous with the mental state sought to be proven; a statement reflecting a mental or emotional condition at the time the statement was made is not admissible as evidence of the declarant's mental or emotional condition at a time preceding the statement. *United States v. Mendez*, 303 Fed. Appx. 323, 325-326 (6th Cir. 2008). The declaration must reveal the state of mind existing at a material time – here the time when the misrepresentations were allegedly made and fraud was allegedly committed. See generally Weinstein's Federal Evidence, Second Edition, Section 803.05[2][a] and cases cited therein.

Although the court reaffirms its ruling that the tape recorded conversations are not admissible under Federal Rules of Evidence 803(3) or 807 by the defendants in their cases in chief, the court narrows its ruling on the admissibility otherwise of the recordings or the fact that

they were made. The court will reserve for trial its ruling on other evidentiary uses for the recordings or testimony about them.

It is so **ORDERED.**

Enter this 1ˢᵗ day of October 2015.

_____
ALETA A. TRAUGER
United States District Judge